```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 08-80385-CIV-ZLOCH
```

FAIR HOUSING CENTER OF THE
PALM BEACHES, INC.,

    Plaintiff,

                                         **O R D E R**

vs.

TIEMKAIR K. WILMATH a/k/a KIM
WILMATH, and MARIO WILMATH,

    Defendants.
_____/

    THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

    In the above-styled cause, Plaintiff states a claim under the Fair Housing Act, 42 U.S.C. § 3601, et seq. (hereinafter "FHA"), seeking declaratory and injunctive relief, as well as damages, for Defendants' alleged violations of the same. As a preliminary matter, the Court notes that it cannot entertain non-justiciable claims, such as those where a plaintiff lacks the requisite standing. The Supreme Court has stated that standing, a prerequisite of the judicial power established in Article III of the Constitution,

> is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome or the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.

Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (quotation omitted). Further, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." University of South Alabama v. The American Tobacco Company, 168 F.3d 405, 410 (11th Cir. 1999); see also United States v. Hayes, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines.") (quotation and brackets omitted).

In its Complaint (DE 1), Plaintiff makes certain allegations of injuries sustained by Defendant's conduct that give rise to its right to prosecute the instant action. However, the only injuries alleged, the expenditure of time and resources addressing the allegations in the Complaint, are a part of Plaintiff's stated mission. See DE 1, ¶¶ 4-5, 7, 9, 26. Thus, the Court is concerned whether Plaintiff has standing to bring this action under the FHA for declaratory and injunctive relief and damages. Therefore, Plaintiff shall provide briefing with Affidavits and Exhibits for the Court to determine whether Plaintiff has standing to satisfy the requirements to present this Court with a justiciable case.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that on or before noon on Tuesday June 3, 2008, Plaintiff shall file with the Clerk of this Court a Memorandum with the necessary Affidavits and Exhibits demonstrating

that Plaintiff has standing to bring the instant action. Further, Plaintiff shall promptly serve a copy of this Order and Plaintiff's Memorandum on Defendant's counsel when said counsel first appears in this action, or ten (10) calendar days from the date of this Order, if said counsel has already made an appearance in this action. Additionally, Defendant may file a response to Plaintiff's Memorandum within ten (10) calendar days of its receipt of the same. The failure of Plaintiff to abide by the terms and conditions of this Order may result in dismissal of the above-styled cause without prejudice and without further notice or hearing.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this \_\_23rd\_\_ day of May, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies Furnished:

All Counsel of Record